IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER LEWIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 05-00165-CV-W-REL |
| SAINT LUKE'S HOSPITAL OF | ) | |
| KANSAS CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT**

Before the court is defendants Saint Luke's Hospital of Kansas City and Saint Luke's Health System, Inc.'s motion for a more definite statement. Defendants assert that plaintiffs' complaint fails to meet the notice pleading requirements of Fed. R. Civ. P. 8(a)(2) in that it fails to give defendants "fair notice of the nature and basis or grounds for [the] claim, and a general indication of the type of litigation involved" as required by the Eighth Circuit. *See Northern States Power Co. v. Federal Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004).

The portion of plaintiffs' complaint that is challenged as conclusory and vague states as follows:

> 5. That Defendants were providing care to plaintiffs' deceased Katherine Lewis and that said medical care departed from standard practice. That as a result of the care rendered by defendants, plaintiffs have been caused substantial injury. That Katherine Lewis died on August 22, 2002.

Defendants argue that even the liberal standards of notice pleading in federal court require "some factual allegations that state a cause of action and put a party on notice of the claim against it." *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 699 (8th Cir. 2003). Plaintiffs state that their complaint

1

is based on Form 9 of the Appendix of Forms that follows the Federal Rules of Civil Procedure and is sufficient to meet the notice pleading requirements of Rule 8. Their claim, they state, is that the defendants provided medical care to Katherine Lewis, that the care fell below standard practice, and that as a result Katherine Lewis is dead.

I agree with plaintiffs that the complaint is sufficient to meet the standards of Rule 8 and that no more definite statement is necessary. In *Mattes*, cited by defendants, the complaint concerned a breach of contract but failed to specify the terms of the contract or any manner in which the contract was breached. *Mattes*, 323 F.3d at 699. Defendants also argue that "merely conclusory statements without factual support" are insufficient to satisfy the notice pleading requirements, citing *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002). In articulating that standard, however, the *Gardner* court was addressing the plaintiffs' pleading of standing and jurisdiction under a federal statute. The court specifically held that notice pleading of the claim under Rule 8(a)(2) was satisfied. *Gardner*, 294 F.3d at 994.

Plaintiffs' complaint is clear, concise, and elegant in its simplicity. It provides all of the information defendants need to investigate and respond to plaintiffs' claims. Unlike the *Mattes* plaintiffs, the plaintiffs in this case have pled all of the elements of their claim. Unlike the *Gardner* case, this case does not involve special standing or jurisdictional requirements, but is a garden-variety diversity case. The elements of diversity jurisdiction were adequately pled in the complaint. This case does not involve special matters such as fraud or mistake, which must be pled with particularity under Rule 9. Plaintiffs have sufficiently limited the scope of their claim, so there is little danger that plaintiffs will embark on a fishing expedition during discovery, or attempt to compel an *in terrorem* settlement. Additional factual details are not necessary at this stage of the

litigation; defendants may elicit those details during discovery.

       For the above reasons, it is

       ORDERED that defendants' motion for a more definite statement is denied.


                                        /s/Robert E. Larsen
                                        ROBERT E. LARSEN
                                        United States Magistrate Judge

Kansas City, Missouri
May 3, 2005